**Kimberly HOWARD, Plaintiff,**

v.

**HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

**No. 3:10–cv–192–J–34TEM.**

United States District Court, M.D. Florida, Jacksonville Division.

Aug. 26, 2011.

---

Alicia Paulino–Grisham, Maggie M. Smith, DI Law Group, Hollywood, FL, for Plaintiff.

Jerel C. Dawson, William J. Gallwey, III, Jonathan M. Fordin, Shutts & Bowen, LLP, Miami, FL, for Defendant.

## ORDER

THOMAS E. MORRIS, United States Magistrate Judge.

This case is before the Court on Defendant's Emergency Motion for Protective Confidentiality Order Regarding Documents Produced Pursuant to Discovery Order and for Sanctions Against Plaintiff (Doc. # 128, Motion for Protective Order), filed July 29, 2011 and Plaintiff's response in opposition thereto (Doc. # 133), filed August 10, 2011. For the reasons stated herein, Defendant's motion for protective order is **GRANTED in part and DENIED in part.**

### I. Procedural History

This is an Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* benefits action brought by

Plaintiff to obtain judicial reversal of Defendant Hartford Life and Accident Insurance Company's ("Defendant") decision (as a claim administrator of an employee welfare benefit plan) to discontinue payment of Plaintiff's long-term disability ("LTD") benefits.

By Order dated February 14, 2011, this Court permitted discovery limited to determining the nature and extent of Defendant's conflict of interest and whether Defendant was influenced by its own self-interest, stating: "Once Plaintiff reviews the administrative record and determines whether additional information is required, Plaintiff may tailor specific requests for appropriate discovery without duplicating what has already been produced" (Doc. # 36 at 4).

Pursuant to the aforementioned Court Order (Doc. # 36), Plaintiff propounded the subject discovery requests. Defendant objected to many of Plaintiffs requests as being, *inter alia*, overly broad in the context of an ERISA action, and moved for protective orders (Docs. # 57 and # 63). On May 17, 2011 Plaintiff moved to compel outstanding discovery (Doc. # 78). A hearing on the motions for protective orders (Docs. # 57 and # 63) was held before the undersigned on May 20, 2011 (Doc. # 83, Minutes).

On June 3, 2011, Defendant filed a motion for entry of a protective confidentiality order with respect to (1) Request No. 2 of Plaintiff's First Request for Production of Documents, which seeks the production of internal manuals and guidelines setting forth Defendant's policies, practices, and procedures with regard to LTD claims handling and related matters; and (2) Request No. 20 of Plaintiff's First Request for Production of Documents, which seeks production of agreements between Defendant and certain non-party vendors who furnished services in connection with the evaluation of Plaintiff's claim (see Doc. # 88–1 at 16, 22). The Court granted the motion on June 22, 2011 and ordered the documents produced pursuant to requests Nos. 2 and 20 not to be disclosed except as necessary for the purpose of, and solely in connection with, litigating the instant case (Doc. # 107–1 at 1, Protective Confidentiality Order).

On June 27, 2011, the Court issued a Discovery Order wherein Defendant's motions for protective orders (Docs. # 57 and # 63) were granted in part and denied in part, and Plaintiff's motion to compel outstanding discovery (Doc. # 78) was granted in part and denied in part. Defendant filed partial objections to the Discovery Order on July 12, 2011 (Doc. # 116).

## II. Discussion

In the instant motion, Defendant requests that all documents produced pursuant to the Discovery Order be deemed to be subject to the provisions of the Court's Protective Confidentiality Order entered on June 22, 2011 (Doc. # 128). Pursuant to the Discovery Order, Defendant produced documents containing information regarding Hartford Life's bonus programs, other compensation of employees, incentives, performance reviews, merit programs, and assorted practices and procedures. Specifically Defendant produced: (1) document titled "Case Management and LTD Contract Provisions"; (2) document titled "How to Review the Policy Booklet"; (3) document titled "2005 Compensation Overview: Corporate Areas," with sections describing Compensation, Disclaimer and Confidentiality, Total Direct Compensation Components, Base Salary, Annual Merit Program, Performance Rating Process, Annual Incentive Plan, Individual Performance Award, Business Performance Award, and Long–Term Incentive Compensation Program; (4) document titled "Business Performance Award: Performance Period: January 1, 2006—December 31, 2006"; (5) document titled "Individual Performance Award: Performance Period: January 1, 2006–December 31, 2006"; (6) document titled "2007 Compensation Program", with sections describing Compensation, Disclaimer and Confidentiality, Compensation Philosophy, Total Direct Compensation Components, Base Salary, Annual Merit Program, Performance Rating Process, Annual Incentive Plan, Individual Performance Award, Business Performance Award, and Long–Term Incentive Compensation Program; and (7) document titled "Appeal Procedures." (Doc. # 128 at 3–4). Defendant designated the documents with a "CONFIDENTIAL"

watermark that included the style and case number of this litigation.

Plaintiff received the documents by overnight mail on July 13, 2011. Later that day, several of the same documents, with the "CONFIDENTIAL" watermark and the style and case number of this litigation, were submitted to Hartford Life in connection with a disability benefits appeal filed by a plaintiff's attorney in Northridge, California. Defendant alleges and Plaintiff admits that she disclosed the materials to a colleague handling a similar case against Defendant (Doc. # 128 at 1; Doc. # 133 at 9).

## A. Defendant's Motion for a Protective Confidentiality Order

■ Defendant alleges the documents produced pursuant to the Discovery Order are concerned with Hartford Life's internal policies and procedures and contain information about Hartford Life's business practices and procedures that would be of value to its competitors in the insurance industry (Doc. # 128 at 5). Defendant alleges these documents should be deemed confidential for the reasons expressed in the Confidentiality Order.

■ Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court may enter a protective order upon motion of a party "for good cause shown." The court must evaluate and balance the interests of the parties and non-parties concerning dissemination of discovery material against the public's interest in gaining access to the information. *In Re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355–57 (11th Cir. 1987). Further, a court may enter a protective order when it is necessary to expedite the flow of discovery material, promote prompt resolution of disputes over confidentiality, or facilitate the preservation of material arguably worthy of protection. *See McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir.1989); *In Re Alexander*, 820 F.2d at 356.

In support of its contention, Defendant cites *Pochat v. State Farm Mutual Automobile Insurance Co.*, No. Civ. 08–5015–KES, 2008 WL 5192427 (D.S.D. Dec. 11, 2008).[1] In *Pochat*, the court granted State Farm's motion for a protective order prior to producing documentation regarding how employees qualify for salaries, bonuses, incentives, benefits and commissions. *Id.* at *2. The court reasoned "documents pertaining to how State Farm awards financial incentives and bonuses implicate State Farm's business practices. State Farm has attested that such information is unique to its organization and that considerable time, expense, and effort were expended to create such materials—materials that competitors could potentially duplicated to the detriment of State Farm." *Id.* at *6.

Plaintiff argues Defendant has failed to establish that the documents in question are proprietary in nature or trade secrets (Doc. # 133 at 2) and asserts the type of compensation documents at issue have been held by courts to not be confidential in nature. In support of her contention Plaintiff cites *Reynolds v. Unum Life Insurance Co. of America*, No. 2:10–cv–2383–LO–TRJ (D.Ariz.) Def.'s Mot. for Protective Order, ECF No. 27 (July 1, 2011); Endorsed Order Denying Def.'s Mot. for Protective Order, ECF No. 31 (Aug. 1, 2011). However, the issue before the court in *Reynolds* was whether the documents were relevant and should be produced at all, not whether they should be disclosed in a designated way, as provided by Fed.R.Civ.P. 26(c)(1)(G). The court found the documents were relevant and ordered Defendant to produce the documents. The issue of whether the documents should be subject to a confidentiality order was not before the court. *See Reynolds v. UNUM Life Insurance Co. of America*, 2011 WL 3565351, at *1 (D.Ariz. Aug. 12, 2011) ("On August 1, 2011, the court denied (no. 31) UNUM's motion for protective order (no. 27), which sought to preclude plaintiff from pro-

---

1. Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permit-

ted under Rule 32.1, Fed. R.App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36–2.

ceeding with discovery into incentive structures ...").  Additionally, Plaintiff argues the sharing of information discovered in litigation serves important public policy interests related to judicial economy and efficiency, lowering litigation costs, shortening the length of litigation and making it more difficult for institutional defendants to hide information (Doc. # 133 at 15).

In this instance, the undersigned finds the case cited by Defendant is more akin to the matter at hand.  Although the Court acknowledges Plaintiff's desire to help similarly situated plaintiffs in other cases, as the Court stated previously, such concern "is immaterial with respect to the instant litigation" (Doc. 107 at 5, Order).  Plaintiff has not alleged that her interest in *this* litigation would be harmed by a limited protective order that would allow her to access the information while protecting Defendant so that competitors may not exploit or duplicate Defendant's unique business practices to its detriment.  Accordingly, the documents at issue are henceforth deemed subject to the Court's Protective Order (Doc. # 107).

### B.  Sanctions

█ Defendant seeks attorney's fees and sanctions against Plaintiff.  Defendant avers Plaintiff disseminated the documents in question to other Plaintiff's attorneys for use in other cases against Hartford Life, notwithstanding that the documents were stamped "Confidential."  Plaintiff argues the documents were not covered by a protective order or a confidentiality agreement at the time of dissemination, and therefore she was under no obligation to refrain from such disclosure.  For the reasons discussed below, the Court finds that sanctions are inappropriate and Defendant is not entitled to attorney's fees.

Plaintiff is correct that the documents at issue were not subject to a protective confidentiality order at the time of Plaintiff's dissemination of the information.  The Protective Order covered only information provided by Defendant in response to requests for production Nos. 2 and 20 (Doc. # 107).  Plaintiff is also correct that Defendant's self-imposed "confidential" designation is inappropriate and ineffectual in the absence of a

protective order.  *See Ulyanenko v. Metropolitan Life Insurance Co.*, 275 F.R.D. 179 (S.D.N.Y.2011) (placement of a "confidential" watermark on documents was improper as defendant's request for a protective order had been denied); *Giertz–Richardson v. Hartford Life and Accident Insurance Co.*, No. 8:06–cv–1874–T–24MAP, 2008 WL 131209 (M.D.Fla. Jan. 10, 2008) (defendant's self-stamped "confidential" watermark did not render documents confidential in the absence of a protective order).  As the documents in question were not subject to a protective confidentiality order at the time of their disclosure, sanctions are not warranted for Plaintiff's disclosure of such documents to third parties outside of the litigation.

Defendant argues it did not have time to obtain a protective order prior to the production of these documents.  The Court finds this argument unpersuasive.  Plaintiff's written discovery requests were submitted on March 2, 2011, at which time Defendant became aware that Plaintiff was seeking documentation pertaining to its compensation, bonus and awards structure.  Thereafter, Defendant moved for a protective order on June 3, 2011 solely over documentation responsive to requests for production Nos. 2 and 20.  At that time, Defendant did not request the protective order encompass documentation responsive to request for production No. 16, which includes the documents currently at issue.  Further, Defendant was given fifteen days in which to comply with the Court's June 27, 2011 Discovery Order, during which time Defendant could have sought a protective order prior to the production of the documents.  Defendant only now seeks a protective order after Plaintiffs counsel already disclosed the documents to a third party.  That the Court has decided in its discretion to grant Defendant's request does not mean it is appropriate to penalize Plaintiff ex post facto.  Rather, Plaintiff will be prohibited from further disclosure.

Defendant additionally alleges Plaintiff has "flagrantly abused the discovery process" and should be subject to sanctions because "her true purpose in seeking exhaustive and expensive discovery in the instant lawsuit is to distribute it and use it in other cases against Hartford Life, and not because of

**654**

any sincerely perceived relevance to the instant lawsuit" (Doc. # 128 at 2, 7). While Plaintiff's counsel admits that the plaintiffs' bar occasionally discusses and shares non-confidential information obtained in ERISA cases, she contends she is not a "Discovery Robin Hood" who seeks to "gratuitously obtain and supply information to law firms ... on Plaintiff's time and at her personal expense" (Doc. # 133 at 11, 12). The Court finds Defendant's argument to be unpersuasive. The Court has already established that the documents are relevant to the instant litigation (Doc. # 108 at 9, Discovery Order). While the Court certainly does not encourage disclosure of discovery documents to third parties outside of the litigation, it does not find in the instant case that such disclosure proves an ulterior purpose on the part of Plaintiff for initially requesting the documents. Again, as the documents were not subject to a protective order at the time of their disclosure, Plaintiff's behavior was not improper per se.

### III. Conclusion

The Court acknowledges that to some extent the cat is out of the bag, as the documents in question have already been disclosed to an unknown number of third parties. However, to prevent further disclosure and to encourage the preservation of material arguably worth of protection, the Court holds that the Protective Order shall henceforth encompass all documentation produced in response to request for production No. 16. However, as the documents in question were not subject to the Protective Order at the time of disclosure, sanctions against Plaintiff are not warranted. Each party shall bear their respective costs associated with the instant motion.

Base on the foregoing, it is hereby **ORDERED:**

1. Defendant's Emergency Motion for Protective Confidentiality Order Regarding Documents Produced Pursuant to Discovery Order and for Sanctions Against Plaintiff (Doc. # 128) is **GRANTED in part and DENIED in part,** as provided herein.